IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:18-CR-303-2 |
| | ) | |
| JOSE ALBERTO PEREZ | ) | |

**MEMORANDUM ORDER**

Before the court is pro se Defendant Jose Alberto Perez's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 931.) The Government has responded in opposition. (Doc. 941.) Perez has filed additional attachments, which the court has considered as well. (Docs. 933, 935.) For the reasons set forth below, the motion for compassionate release will be denied.

## I. BACKGROUND

On November 1, 2018, Perez pleaded guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). (Doc. 413.) He was sentenced to 183 months of imprisonment on February 20, 2019 (Doc. 518), and his presumptive release date is September 18, 2031. Fed. Bureau of Prisons, Find an Inmate, at https://www.bop.gov/inmateloc. He is currently incarcerated at USP Coleman II and is 46 years old. Id.

Perez filed his motion for compassionate release on July 17, 2023. (Doc. 931.) He cites the following as extraordinary and compelling reasons for granting his motion: (1) the burden on his

son's mother to provide care for his son; (2) his rehabilitation efforts; (3) his post-sentencing assistance to the Government; and (4) his allegedly disproportionate sentence vis-à-vis his co-defendants. (Doc. 932.) The Government responds that Perez has conceded that his son has a caregiver, which precludes relief under U.S.S.G. § 1B1.13(b). (Doc. 941 at 7-8.) Moreover, they contend that rehabilitation and the length of the sentence do not give rise to extraordinary and compelling circumstances. (Id. at 10-11.)

II. ANALYSIS

"Federal law has long authorized courts to reduce the sentences of federal prisoners facing extraordinary health conditions," but prior to the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, district courts could grant such reductions only upon a motion by the Director of the Bureau of Prisons ("BOP") pursuant to 18 U.S.C. § 3582(c)(1). United States v. Beck, 425 F. Supp. 3d 573, 577-78 (M.D.N.C. 2019). However, Congress amended section 3582(c)(1) when it passed the First Step Act. Pertinent here, the First Step Act added a provision to section 3582(c)(1) that allows a defendant to bring a motion for compassionate release directly in a district court after either "the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of

2

such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).

Once the exhaustion requirement is met, a defendant must either (1) have "extraordinary and compelling reasons" for a compassionate release or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the public.  Id. The defendant bears the burden of establishing that extraordinary and compelling reasons justify his release.  See United States v. Newton, 996 F.3d 485, 488 (7th Cir. 2021); see, e.g., United States v. Hargrove, 30 F.4th 189, 195 (4th Cir. 2022).  Further, while a court need not address every argument raised by a defendant, it must fully explain its decision in light of the particular circumstances of each case.  United States v. Osman, No. 21-7150, 2022 WL 485183, at *2 (4th Cir. Feb. 17, 2022) (per curiam) (unpublished)[1] (citing United States v. High, 997 F.3d 181, 188-89 (4th Cir. 2021)).  Additionally, a court, in considering a reduction in sentence pursuant to section 3582(c)(1)(A), must consult the sentencing factors set forth in 18 U.S.C. § 3553(a) and may grant the reduction only if it is "consistent with [the] applicable policy statements" issued by the United States

---

[1] Unpublished opinions of the Fourth Circuit are not precedential but can be cited for their persuasive, but not controlling, authority.  See Collins v. Pond Creek Mining Co., 468 F.3d 213, 219 (4th Cir. 2006).

3

Sentencing Commission.  18 U.S.C. § 3582(c)(1)(A).

As recently amended,[2] United States Sentencing Guideline section 1B1.13(a) essentially reiterates the requirements of section 3582(c)(1)(A), with the additional requirement that a defendant not be "a danger to the safety of any other person or to the community."  U.S.S.G. § 1B1.13(a)(2); see also Beck, 425 F. Supp. 3d at 578.  Section 1B1.13(b) then provides a non-exhaustive list of examples of extraordinary and compelling reasons to grant a compassionate release.  The four enumerated reasons are (1) medical circumstances of the defendant; (2) age of the defendant; (3) family circumstances of the defendant; and (4) defendant as a victim of abuse.  U.S.S.G. § 1B1.13(b).  Section 1B1.13(b)(5) then provides a catch-all for "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)."  Section 1B1.13(b)(6) also provides that a court may consider a change in the law when determining "whether the defendant

---

[2] The U.S. Sentencing Guidelines require the court to use the manual in effect unless doing so would present an ex post facto issue.  See U.S.S.G. § 1B1.11(b)(1)-(2) (barring the use of the manual in effect on the date of sentencing if it would violate the ex post facto clause, and requiring application of manual "in its entirety"); United States v. Curtin, Crim. No. 14-0467, 2023 WL 8258025, at *2 (D. Md. Nov. 29, 2023) (using manual no longer in effect because, in that particular case, the amendments "narrow[] the range of possible extraordinary and compelling reasons").  The court applies the November 2023 amendments here, as they do not adversely affect Perez's avenues for relief.

4

presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances." Finally, section 1B1.13(d) states that rehabilitation of the defendant is not alone an extraordinary and compelling reason, but it may be considered along with other circumstances.

Courts maintain broad discretion in the evidence they may consider on a motion to reduce a sentence under the First Step Act. Concepcion v. United States, 142 S. Ct. 2389, 2403-04 (2022). However, courts do not have unfettered jurisdiction or discretion to modify criminal sentences. See United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010) ("The law closely guards the finality of criminal sentences against judicial change of heart.") (internal quotations omitted). A court may modify a sentence only when a provision in the Federal Rules of Criminal Procedure or a statute, such as 18 U.S.C. § 3582(c), expressly permits it to do so. Even then, section 3582(c) is appropriately invoked only in unusual cases, or, as the Fourth Circuit phrases it, the "most grievous cases." McCoy, 981 F.3d at 287; see Osman v. United States, Crim. No. 2:10-cr-57-5, 2023 WL 3765246, at *4 (E.D. Va. June 1, 2023) ("The Senate Judiciary Committee report on the Sentencing Reform Act explained that compassionate release would

5

address 'unusual cases in which an eventual reduction in the length of a term of imprisonment is justified by changed circumstances.'" (citations omitted)). It is not a vehicle for repeated reconsideration of sentences as a way to circumvent the general rule of finality. See Goodwyn, 596 F.3d at 235-36. Nor is it a vehicle to collaterally attack a federal conviction or sentence. United States v. Ferguson, 55 F.4th 262, 270 (4th Cir. 2022).

The Government concedes that Perez has satisfied the exhaustion requirement. (Doc. 941 at 3 n.1.) The court thus turns to the merits.

First, family circumstances may be an extraordinary and compelling reason where the caregiver of the defendant's child who is 18 years of age or older and incapable of self-care because of mental disability dies or becomes incapacitated. U.S.S.G. § 1B1.13(b)(3)(A). Here, Perez indicates that his adult son is "non-verbal and non-ambulatory" and that the son's mother is presently serving as a caregiver. (Doc. 932 at 3.) While Perez contends that she is burdened by this role, he presents no evidence she is incapacitated. Accordingly, Perez has not shown that his family circumstances are extraordinary and compelling.

Second, rehabilitation of the defendant is "not, by itself, an extraordinary and compelling reason" for compassionate release. U.S.S.G. § 1B1.13(d). Perez has filed certificates demonstrating his completion of drug abuse education courses. (Doc. 935.) These

6

efforts are commendable, but alone do not give rise to extraordinary and compelling reasons.

Third, while sentencing disparity created by a change in the law may give rise to extraordinary and compelling reasons, with due consideration to individualized circumstances, U.S.S.G. § 1B1.13(b)(6), defendants may not attack the validity of a sentence for reasonableness on a motion for compassionate release, as § 2255 is the "exclusive method of collaterally attacking a federal conviction or sentence." Ferguson, 55 F.4th at 270. Accordingly, Perez's argument that his sentence is disproportionate vis-à-vis his co-defendants is not cognizable on this motion.[3] United States v. Howard, No. CR 13-0629, 2024 WL 112010, at *16 (D. Md. Jan. 10, 2024) (rejecting argument that disparity between co-defendants was extraordinary and compelling because comparison between co-defendants already occurred at sentencing).

Finally, Perez argues that a sentence reduction is warranted because he provided substantial assistance to the Government after sentencing. The Government may move prior to sentencing for a departure where the defendant has provided substantial assistance. U.S.S.G. § 5K1.1. The Government may also move on the same ground

---

[3] Even if it were, review of his co-defendants' sentences demonstrates that while his sentence is on the higher end, as the Government correctly argues, it is not disproportionate such that it would give rise to an extraordinary and compelling reason for early release. (See Doc. 941 at 10.)

7

after sentencing, including more than one year after sentencing, under certain circumstances. Fed. R. Crim. P. 35(b). However, permitting a defendant to unilaterally move for compassionate release based on "his own perceived substantial assistance would contravene Congress's expressed intent as embodied in Rule 35 that the Government [] decides whether to move for a reduction in sentence based on such assistance." United States v. Claude, 16 F.4th 422, 427 (3d Cir. 2021) (rejecting argument that post-sentencing substantial assistance is an extraordinary and compelling reason). Accordingly, Perez has not shown that his substantial assistance is a ground for compassionate release.

Finding each alleged ground insufficient, the court also considers all of these grounds collectively and finds that they do not, combined, constitute extraordinary and compelling reasons. U.S.S.G. § 1B1.13(b)(5).

Even if extraordinary and compelling reasons existed, early release would not be appropriate in this case in light of the § 3553(a) factors.

Section 3553(a) requires a court to impose a sentence that is "sufficient, but not greater than necessary" to comply with the statutory purposes of sentencing. 18 U.S.C. § 3553(a). Importantly, the "text of § 3553(a) does not make any factor, or combination of factors, dispositive." Kibble, 992 F.3d at 334-35 (Gregory, C.J., concurring). Thus, the court must consider ––

8

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed –

   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   (B) to afford adequate deterrence to criminal conduct;

   (C) to protect the public from further crimes of the defendant; and

   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence[s] and the sentencing range established for [the applicable offense category as set forth in the guidelines] . . .;

(5) any pertinent policy statement . . . by the Sentencing Commission . . .;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Here, Perez was involved in a multi-defendant conspiracy. (Doc. 413 ¶ 21.) He held a "supervisory role" in his group of the MS-13 gang. (Id. ¶ 29.) He admitted to importing methamphetamine into North Carolina and was held responsible for just under 10 kilograms. (Id. ¶¶ 82, 115.) His criminal history also

9

demonstrates a general disregard for the law, including prior convictions for drug trafficking, felon in possession of a firearm, felony financial card theft, felon in possession of ammunition, driving while impaired, and assault on a female. (Id. ¶¶ 133-153 (producing criminal history category VI).) Granting Perez's motion for compassionate release would fail to adequately reflect the seriousness of the offense of conviction, his criminal history, and the need for the sentence to deter further criminal conduct and to promote respect for the law.

Finally, Perez has requested the appointment of counsel to assist him in this matter. (Doc. 932 at 1.) There is no general constitutional right to appointed counsel in post-conviction proceedings, see United States v. Williamson, 706 F.3d 405, 416 (4th Cir. 2013), although the court retains discretion to appoint counsel in § 3582(c) proceedings if the interests of justice so require. Perez has demonstrated that he is capable of seeking his requested relief without the appointment of counsel, and he has not otherwise demonstrated that appointment of counsel is necessary here. As such, the court will deny his request for appointment of counsel.

### III. CONCLUSION

For the reasons stated,

IT IS THEREFORE ORDERED that Perez's motion for compassionate release (Doc. 931) will be DENIED.

10

```
                                    /s/   Thomas D. Schroeder
                                   United States District Judge
March 8, 2024
```